# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REIDAR ARDEN,**<br>　　　　Plaintiff**,**<br>　　vs.<br>**LIBERTY UNIVERSITY,**<br>　　　　Defendant**.** | CASE NO. 17-cv-04850-YGR<br><br>**ORDER CONTINUING MOTION TO DISMISS; DIRECTING PLAINTIFF TO COMPLETE ECF REGISTRATION AND UPDATE CONTACT INFORMATION**<br><br>Re: Dkt. No. 14, 15 |

## I. MOTION TO DISMISS

The Motion of Liberty University to Dismiss Complaint (Dkt No. 15) is **CONTINUED** to **January 16, 2018,** at 2:00 p.m. in Courtroom 1, Federal District Courthouse, 1301 Clay Street, Oakland.

Plaintiff Reider Arden's initial filing document here was not labeled a complaint,[1] but the Court treats it as such. That complaint indicated that Arden's claim was based upon federal civil rights violations, and the cover sheet filed by Arden indicated the federal statute at issue was 42 U.S.C. section 1983. Liberty seeks to dismiss, arguing that no section 1983 claim can be stated against it because it is not a state actor.

In response, Arden does not contend that he properly alleged a section 1983 claim, but instead indicates that he seeks a continuance to allege a different federal right was violated. Arden has indicated that he would seek to file an amended complaint under section 504 of the federal Rehabilitation Act, 29 U.S.C. § 794, or some other claim, based upon Liberty University's refusal to process his FAFSA application for federal student aid. However, he has not yet filed an amended complaint stating the basis for his claim against defendant Liberty University.

---

[1] The initiating document here was entitled "Motion To File For Violation Of Petitioner's Federal Civil Rights By Liberty University For Blocking Petitioner From Receiving Student Financial Aid From Us Government Agency FAFSA."

The Court therefore continues the hearing on the motion to dismiss to permit Arden to file an amended complaint **no later than December 15, 2017**. Liberty may file a supplemental memorandum in support of the motion to dismiss no later than **December 29, 2017**.

In amending the complaint, Arden should note that a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Arden **does not need to submit evidence** in support of his claim.

The Court advises Arden that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se .

The Court also advises Arden that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

## II. ELECTRONIC FILING REGISTRATION

The Plaintiff Reidar Arden has filed a motion to request waiver of PACER fees. (Dkt. No. 14.) Arden was previously granted In Forma Pauperis status, meaning that Arden need not pay any filing fees.

Arden was also granted permission to file documents electronically on the Court's electronic case filing (ECF) system. This permission was granted on condition that Arden register as an Electronic Case Filing User on the Court's website. Electronic filing as requires that Arden have regular access to: (1) a computer with internet access; (2) an email account on a daily basis to receive notifications from the Court and notices from the e-filing system; (3) a scanner to convert documents that are only in paper format into electronic files; (4) a printer or copier to create

2

required paper copies such as chambers copies; (5) a word-processing program to create documents; and (6) a pdf reader and a pdf writer to convert word processing documents into pdf format, the only electronic format in which documents can be e-filed.

Specifically, Plaintiff must follow the registration procedure set forth on the Court's website at https://ecf.cand.uscourts.gov/cand/newreg/index.html. Once Plaintiff completes the registration procedure and receives an e-filing password from the ECF Help Desk, Plaintiff shall electronically file a notice confirming registration.

If such notice is filed, Defendant, if and when served, shall be relieved of the duty to serve Plaintiff with paper copies of electronically-filed documents. If Arden is unable to comply with these requirements, electronic filing status will be withdrawn.

Arden is further reminded that he must keep the Court informed of any change of address or contact information, and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding without an attorney (*pro se*) whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.

**IT IS SO ORDERED.**

Dated: November 22, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**